13-3485(L)
United States v. Rabinowitz, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand sixteen.

PRESENT: DENNIS JACOBS,
        PETER W. HALL,
                <u>Circuit Judges</u>,

        DENISE L. COTE,[*]
                <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        <u>Appellee</u>,


        -v.-                        **13-3485**
                                        **13-3726**

AARON RABINOWITZ, MATTHEW BURSTEIN,
        <u>Defendants-Appellants</u>

---

[*]    The Honorable Denise L. Cote, United States District Court for the Southern District of New York, sitting by designation.

1

**RONALDO E. ROLDAN, HUGO LEIVA, MATTHEW VENEZIO, ELIAS COMPRES, JOHN CONSTANTANIDES,**
           **Defendants.**
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**                ANDREW H. FREIFELD, Law Office of Andrew H. Freifeld, New York, New York, for Defendant-Appellant Matthew Burstein.

                                  BRIAN P. COMERFORD, Federal Public Defender's Office, Western District of New York, Buffalo, New York, for Defendant-Appellant Aaron Rabinowitz

**FOR APPELLEE:**                 MATTHEW S. AMATRUDA (with Amy Busa, Robert T. Polemeni, and Alexander A. Solomon, on the brief) Assistant United States Attorneys, for Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

     Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, J.).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

     Defendants-appellants Aaron Rabinowitz and Matthew Burstein appeal from judgments entered on September 9, 2013 in the United States District Court for the Eastern District of New York (Ross, J.), convicting them, after a jury trial, of conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349, seven counts of bank fraud, in violation of 18 U.S.C. § 1344, and two counts of wire fraud, in violation of 18 U.S.C. § 1343. Rabinowitz and Burstein were both sentenced to 27 months of imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Rabinowitz and Burstein argue that they were entitled to certain Internal Revenue Service tax transcripts to impeach cooperating witness Barbara Armas, that the transcripts prove that Armas committed perjury about seeking extensions to file her tax returns, and that the district court erroneously denied a new trial premised on these arguments.

Defendants also assert that the district court erred in denying their motion to dismiss the indictment based on allegations of outrageous government misconduct by a former case agent involved in the investigation.  They further fault the district court for failing to hold a hearing to address this misconduct claim.

1.    "[T]he Government's failure to disclose evidence that is materially favorable to the defense violates due process."  United States v. Rivas, 377 F.3d 195, 199 (2d Cir. 2004) (citing Brady v. Maryland, 373 U.S. 83, 87 (1963)).  Brady's scope includes impeachment evidence if it has "the potential to alter the jury's assessment of the credibility of a significant prosecution witness."  Rivas, 377 F.3d at 199.  "Undisclosed impeachment evidence is not material in the Brady sense when, although possibly useful to the defense, it is not likely to have changed the verdict."  United States v. Avellino, 136 F.3d 249, 257 (2d Cir. 1998) (internal quotation marks omitted).

Defendants argue that the withholding of evidence warrants a new trial; however, the evidence was not material.  There was no reasonable likelihood that any false testimony about extension requests would have affected the verdict.

The tax transcripts were of only incremental value.  The defense extensively questioned Armas on her participation in the mortgage fraud, her post-guilty plea misconduct, her cooperation agreement with the government, her failure to file tax returns, and the continuing benefits she derived from the properties she obtained through her mortgage fraud, among other misconduct.

As the district court found, proof that she may not have sought an extension to file her taxes was merely additional impeachment evidence, and any unavailability of the material to the defense did not require a new trial.

Further supporting the rejection of defendants' <u>Brady</u> / <u>Giglio</u> challenge is the extensive record evidence corroborating Armas's testimony and independently implicating defendants in the crimes of conviction.  Such independent evidence of guilt "increases the degree of significance that would need to be ascribed to the withheld impeachment evidence in order for it reasonably to undermine confidence in the verdict."  <u>United States v. Orena</u>, 145 F.3d 551, 559 (2d Cir. 1998); <u>accord Leka v. Portuondo</u>, 257 F.3d 89, 104 (2d Cir. 2001); <u>see also</u> <u>Avellino</u>, 136 F.3d at 256-57.

2.   This Court reviews de novo the legal question whether to dismiss an indictment based on outrageous government misconduct.  <u>See United States v. Cuervelo</u>, 949 F.2d 559, 567 (2d Cir. 1991).  To establish a due process violation on this ground, "a defendant must show that the government's conduct is 'so outrageous that common notions of fairness and decency would be offended were judicial processes invoked to obtain a conviction.'"  <u>United States v. Al Kassar</u>, 660 F.3d 108, 121 (2d Cir. 2011) (quoting <u>United States v. Schmidt</u>, 105 F.3d 82, 91 (2d Cir. 1997)).  "[T]he sanction is so drastic that, especially where serious criminal conduct is involved, it must be reserved for the truly extreme cases."  <u>United States v. Broward</u>, 594 F.2d 345, 351 (2d Cir. 1979).

In <u>Cuervelo</u>,, this Court considered whether a hearing was required to determine whether a government agent's sexual relationship with a defendant violated due process:

> [A]t a minimum, the defendant must show: (1) that the government consciously set out to use sex as a weapon in its investigatory arsenal, or acquiesced in such conduct for its own purposes upon learning that such a relationship existed; (2) that the government agent initiated a sexual relationship, or allowed it to continue to exist, to achieve governmental ends; and (3) that the sexual relationship took place during or close to the period covered by the indictment and was entwined with the events charged therein.

949 F.2d at 567.  Here, the government agent had a sexual relationship with a confidential witness.  The agent's

4

involvement did not impact the defendants' prosecution to any significant degree.[1]

Nothing about the agent's conduct in this case implicates the factors identified in <u>Cuervelo</u>: sex was not used as a weapon, was not acquiesced in by the Government, was not conducted to achieve governmental ends, and it did not take place during or close to the period covered by the indictment. In short, the conduct fails to rise to the level of being "so outrageous that common notions of fairness and decency would be offended were judicial processes invoked to obtain such a conviction." <u>Al Kassar</u>, 660 F.3d at 121. Accordingly, no hearing to further develop the facts was necessary. <u>See</u> <u>United States v. LaPorta</u>, 46 F.3d 152, 160 (2d Cir. 1994) ("Nothing in <u>Cuervelo</u> requires a district court to conduct a hearing every time a defendant alleges outrageous government misconduct.").

For the foregoing reasons, and finding no merit in defendants' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Prior to trial, the Government identified the reports relevant to this case that were prepared by the agent. To avoid the need to call the agent as a trial witness, the Government agreed to stipulate to the contents of the reports in instances where a trial witness gave inconsistent testimony. A dispute over such a discrepancy never arose at trial.